**Peter B. SCOTT, William T. Gray, Plaintiffs–Appellants,**

v.

**AOL TIME WARNER, Atlantic Records, Wea Manufacturing, Ivy Hill Printing Corporation, Specialty Records, Rhino Records, Warner Brothers Records, Warner Music Group, Defendants–Appellees.**

No. 04–0133–CV.

United States Court of Appeals, Second Circuit.

Sept. 30, 2004.

Peter B. Scott, Alexandria, Virginia., for Appellants, pro se.

William T. Gray, Alexandria, Virginia., for Appellants, pro se.

Orin S. Snyder, Cynthia S. Arato, Manatt, Phelps & Phillips LLP, New York, New York, for Appellees.

Present: FEINBERG, CARDAMONE, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the said district court be **AFFIRMED.**

Peter B. Scott and William T. Gray, *pro se,* appeal from the judgment of the United States District Court for the Southern District of New York (Chin, J.) dismissing their amended complaint with prejudice for failure to state a claim and from the District Court's denial of their Fed. R.Civ.P. 60(b) motion to vacate the judgment. The amended complaint raised thirty-two claims, including, *inter alia,* claims under: (1) the Truth–in–Lending Act; (2) the Sherman Antitrust Act; (3) the Lanham Act; (4) the Federal Trade Commission Act; (5) the Wheeler–Lea Act of 1938; and (6) 42 U.S.C. § 1983. It also asserted the following state law claims: (1) "larceny after trust"; (2) fraud and deceitful business practices; and (3) breach of fiduciary duty.* Familiarity with the underlying facts and procedural history of the case is assumed.

We review an order granting a motion to dismiss for failure to state a claim *de novo,* see *Todd v. Exxon Corp.,* 275 F.3d 191, 197

---

* The twenty-three other claims raised in the amended complaint that are not listed above were not presented by Gray and Scott in their appellate brief; therefore, the claims are deemed abandoned and will not be reviewed by this Court. *See* Fed. R.App. P. 28(a)(6) (appellant's brief "must contain the contentions of the appellant on the issues presented"); *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995).

(2d Cir.2001), accepting the allegations contained in the complaint as true and drawing all inferences in favor of the non-moving party, *see Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir.2004). A district court's denial of a motion for reconsideration or relief from a final judgment pursuant to Fed.R.Civ.P. 60(b) is reviewed for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998).

The District Court properly dismissed Plaintiffs' amended complaint. First, to the extent that Plaintiffs asserted claims under statutes that apply to the Defendants and for which there exists a private cause of action, their claims are barred by the applicable statutes of limitations. *See* N.Y. C.P.L.R. § 213(8) (2003) (fraud); *Cooper v. Parsky*, 140 F.3d 433, 440–41 (2d Cir.1998) (breach of fiduciary duty); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir.1996) (antitrust claims). With respect to Plaintiffs' attempt to argue that their claims should be deemed timely because of the Defendants' settlement offers, Plaintiffs failed to sufficiently assert grounds for equitable tolling, as they did not assert when such acts of the Defendants took place or precisely which of their acts would toll the limitations period.

Second, Plaintiffs' remaining claims pursuant to 42 U.S.C. § 1983, the Truth–in–Lending Act, the Federal Trade Commission Act, and the Wheeler–Lea Act were properly dismissed because the statutes either do not apply to the Defendants or they do not provide for a private cause of action. Plaintiffs failed to show, as required by section 1983, that the Defendants, acting under the color of state law, deprived them of a constitutional right. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 837–38, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). Similarly, Plaintiffs cannot establish a cognizable claim under the Truth–in–Lending Act, 15 U.S.C. § 1601 *et seq.* (2000), because the Act only applies to "creditor[s]," who are defined as "person[s] who … regularly extend[ ], whether in connection with loans, sales of property or services, or otherwise, consumer credit." 15 U.S.C. § 1602(f). Plaintiffs also cannot assert claims under the Federal Trade Commission Act, 15 U.S.C. § 41–58, or the Wheeler–Lea Act, 52 Stat. 411, 15 U.S.C. §§ 41–56, which amended the Federal Trade Commission Act, *see United States v. J.B. Williams Co.*, 498 F.2d 414, 425 (2d Cir.1974), because those statutes do not provide for a private cause of action. *See, e.g., Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978). Finally, Plaintiffs cannot assert a claim of "larceny after trust" because larceny is a criminal charge that cannot be prosecuted by a private citizen. *See* N.Y. Penal Law § 155.05 (1999).

The District Court did not abuse its discretion in denying Plaintiffs' motion for reconsideration. Plaintiffs offered no new evidence in support of their motion, and their assertions of fraud on the part of the Defendants' attorneys and Judge Chin were unsubstantiated and insufficient to warrant vacatur of the judgment.

For the foregoing reasons, the judgment of the district court and the denial of Gray's and Scott's Rule 60(b) motion is hereby AFFIRMED.